IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-234

 No. COA20-745

 Filed 1 June 2021

 North Carolina Industrial Commission, I.C. No. 13-763301

 HERMENA RICHARDSON, Employee, Plaintiff

 v.

 GOODYEAR TIRE & RUBBER COMPANY, Employer, LIBERTY MUTUAL
 INSURANCE GROUP, Carrier, Defendants.

 Appeal by plaintiff from opinion and award entered 18 August 2020 by the

 North Carolina Industrial Commission. Heard in the Court of Appeals 12 May 2021.

 Law Offices of Kathleen G. Sumner, by Kathleen G. Sumner, David P. Stewart,
 and Jay A. Gervasi, Jr., for plaintiff-appellant.

 Young Moore and Henderson, P.A., by Jefferson P. Whisenant, for defendant-
 appellee.

 TYSON, Judge.

¶1 Hermena Richardson (“Plaintiff”) appeals from an Opinion and Award by the

 North Carolina Industrial Commission (“Commission”) granting the Goodyear Tire &

 Rubber Company and Liberty Mutual Insurance Company’s (“Defendants”) motion to

 add additional evidence, affirming the deputy commissioner’s Opinion and Award,

 and denying the award of attorney’s fees. We affirm.

 I. Background
 RICHARDSON V. GOODYEAR TIRE & RUBBER CO.

 2021-NCCOA-234

 Opinion of the Court

¶2 Plaintiff sustained compensable injuries in the course and scope of her

 employment to her bilateral shoulders on 21 October 2013. Plaintiff reached

 maximum medical improvement (“MMI”) for her right shoulder injury and was given

 permanent restrictions in December 2014.

¶3 Plaintiff presented for a second evaluation by Dr. Brian Szura, who also found

 Plaintiff was at MMI for the right shoulder and assigned a 10% disability rating on

 13 August 2015. The parties agreed Plaintiff was not disabled under the North

 Carolina Workers’ Compensation Act. Plaintiff was already out of work for an

 unrelated knee condition, followed by her unrelated back condition. Dr. Christopher

 Barnes opined Plaintiff had reached MMI for her bilateral shoulder injury in January

 2016.

¶4 On 10 August 2016, the Commission entered the Consent Order memorializing

 the parties’ agreement. According to the Consent Order:

 Employee has . . . sustained no additional disability as a
 result of her compensable bilateral shoulder injury.
 Employee will not be entitled to indemnity benefits in the
 future unless and until she is taken out of work totally for
 her bilateral shoulder condition by her authorized treating
 physician or unless defendants are unable to accommodate
 bilateral shoulder work restrictions assigned by her
 authorized treating physician, in which case, Defendants
 have agreed to immediately reinstate temporary total
 disability benefits. (emphasis supplied).

¶5 The parties designated Dr. Peter Dalldorf as Plaintiff’s authorized treating
 RICHARDSON V. GOODYEAR TIRE & RUBBER CO.

 2021-NCCOA-234

 Opinion of the Court

 physician.

¶6 Two weeks after approval of the Consent Order, Dr. Dalldorf excused Plaintiff

 from work for two months on 29 August 2016 due to her left shoulder. Defendants

 re-instated temporary total disability compensation at the maximum compensation

 rate for 2013. This compensation continued to be paid at the time this appeal was

 filed.

¶7 Dr. Dalldorf opined Plaintiff had reached MMI for the left shoulder and

 assigned a 20% disability rating to the left arm and permanent work restrictions on

 5 April 2017. Dr. Dalldorf noted the need to perform an isolated upper extremity

 functional capacity evaluation (“FCE”) to determine Plaintiff’s permanent

 restrictions. Plaintiff was unable to undergo the evaluation due to her unrelated back

 restrictions.

¶8 Plaintiff regularly visited Dr. Dalldorf to address her compensable shoulder

 injuries and attempted new treatments from October 2017 until October 2019.

 Defendants scheduled an independent medical examination with Dr. Marshall

 Kuremsky in November 2019. On 13 January 2020, Defendants asked Dr. Dalldorf

 to prescribe and order the previously indicated FCE for Plaintiff. Dr. Dalldorf

 responded he would not order an FCE. Plaintiff refused to participate in the FCE.

 II. Procedural History

¶9 Defendants filed a motion to compel medical treatment before the Commission
 RICHARDSON V. GOODYEAR TIRE & RUBBER CO.

 2021-NCCOA-234

 Opinion of the Court

 on 28 February 2020. They sought an order for Plaintiff to participate in an FCE

 pursuant to N.C. Gen. Stat. § 97-25 and 11 N.C. Admin. Code 23A.0609 of the

 Workers’ Compensation Rules. Defendants argued, pursuant to N.C. Gen. Stat. § 97-

 25, they direct Plaintiff’s medical treatment, and medical compensation is defined “as

 may reasonably be required to effect a cure or give relief and . . . will tend to lessen

 the period of disability” in accordance with N.C. Gen. Sta. § 97-2(19) (2019).

¶ 10 Special Deputy Commissioner Kimberly Fennell denied Defendants’ motion.

 Defendants filed a motion to reconsider their motion to compel medical treatment.

 Defendants again cited “medical compensation” as the basis pursuant to N.C. Gen.

 Stat. § 97-25. Special Deputy Commissioner Fennell agreed to hear the motion and

 again denied Defendants’ motion to compel medical treatment on 7 April 2020.

 Special Deputy Commissioner Fennell recommended the issue be raised before the

 Commission by requesting an appeal.

¶ 11 Defendant filed a Form 33: Request the Claim be Assigned for Hearing on 9

 April 2020 in response to the special deputy commissioner’s 7 April order.

 Defendants requested the scope of the hearing be limited to the legal issues raised in

 Defendants’ motion to compel medical treatment. The parties submitted a pre-trial

 agreement and stipulations.

¶ 12 Issues before Deputy Commissioner Lori Gaines included: (1) whether an FCE

 qualifies as medical compensation as defined in N.C. Gen. Stat. §§ 97-2(19) and 97-
 RICHARDSON V. GOODYEAR TIRE & RUBBER CO.

 2021-NCCOA-234

 Opinion of the Court

 25; (2) whether the FCE was wholly unnecessary; and (3) whether Defendants should

 pay attorney fees pursuant to N.C. Gen. Stat. §§ 97-25(f)(5) and 97-88.1

¶ 13 Deputy Commissioner Gaines gave “great weight” to Dr. Dalldorf’s revised

 opinion that an FCE was unsuitable. The commissioner found “Defendants acted

 unreasonably in waiting three years post MMI to request [an FCE].” Deputy

 Commissioner Gaines concluded: “[b]ased on the preponderance of evidence . . . [the

 FCE] at issue is not medical compensation because it does not effect a cure, provide

 relief or lessen the period of disability.” The Opinion and Award was entered 10 June

 2020 pursuant to N.C. Gen. Stat. § 97-25(f). The deputy commissioner awarded

 Plaintiff attorney’s fees, “[a]s sanctions for Defendants’ unreasonable engagement in

 stubborn, unfounded litigiousness of this claim.”

¶ 14 Defendants filed a motion to reconsider the award of attorney’s fees on 19 June

 2020. Deputy Commissioner Gaines denied Defendants’ motion to reconsider and

 ordered Defendants to pay Plaintiffs’ attorney’s fees pursuant to N.C. Gen. Stat. §§

 97-25(f)(5) and 97-88.1 in the amount of $11,075.00 for 44.3 hours worked defending

 Plaintiff’s claims since February 2020. Defendants filed notice of appeal to the Full

 Commission along with a motion to admit additional evidence to present proof of

 Plaintiff’s ongoing medical treatments.

¶ 15 The issues before the Full Commission included: (1) whether Defendant’s

 motion to compel Plaintiff’s FCE should be approved, and (2) whether Plaintiff is
 RICHARDSON V. GOODYEAR TIRE & RUBBER CO.

 2021-NCCOA-234

 Opinion of the Court

 entitled to an award of attorney’s fees pursuant to N.C. Gen. Stat. §§ 97-25(f)(5), 97-

 88.1.

¶ 16 The Commission found inter alia: (1) Defendants were made aware of Plaintiff

 reaching MMI for her left shoulder in March 2017; (2) Plaintiff received shoulder

 injections from October 2017 until August 2019; (3) Plaintiff indicated pain was no

 longer an issue on 10 August 2018; (4) Dr. Dalldorf ordered a diagnostic MRI for

 Plaintiff’s right shoulder on 30 September 2019; (5) Dr. Dalldorf administered to

 Plaintiff additional injections and reviewed the MRI and noted he was “not really

 sure why [Plaintiff] is experiencing as much difficulty with her right shoulder as she

 is” on 14 October 2019; (6) Defendants scheduled an independent medical

 examination (“IME”) two days later for 6 November 2019; and, (7) Dr. Kuremsky

 recommended the FCE at issue on 6 November 2019, which Dr. Dalldorf opined was

 not appropriate because it would not give the physician any information regarding

 Plaintiff’s ability to return to work given the other injuries.

¶ 17 The Commission concluded, “[the FCE] in dispute in this matter is not

 reasonably necessary to effect a cure, provide relief, or lessen the period of disability

 as a result of Plaintiff’s compensable injuries.” The Commission further concluded

 “Defendants have not acted unreasonably by initiating the underlying medical

 motion pursuant to N.C. Gen. Stat. § 97-25(f)” and denied an award of attorney’s fees

 for Plaintiff. Plaintiff appeals.
 RICHARDSON V. GOODYEAR TIRE & RUBBER CO.

 2021-NCCOA-234

 Opinion of the Court

 III. Jurisdiction

¶ 18 An appeal lies with this Court from the Industrial Commission pursuant to

 N.C. Gen. Stat. §§ 7A-27(b) and 97-86 (2019).

 IV. Issue

¶ 19 Whether the Commission’s findings of fact and conclusions of law are

 insufficient to support the decision not to award attorney’s fees to Plaintiff when the

 Commission determined Defendants brought this action as an expedited medical

 motion pursuant to N.C. Gen. Stat. § 97-25(f), and the FCE at issue was determined

 not to constitute medical compensation under the act.

 V. Standard of Review

¶ 20 Review of an opinion and award of the Industrial Commission “is limited to

 consideration of whether competent evidence supports the Commission’s findings of

 fact and whether the findings support the Commission’s conclusions of law. “This

 court’s duty goes no further than to determine whether the record contains any

 evidence tending to support the finding.” Richardson v. Maxim Healthcare/Allegis

 Grp., 362 N.C. 657, 660, 669 S.E.2d 582, 584 (2008) (citation omitted).

¶ 21 “The decision whether to award or deny attorney’s fees rests within the sound

 discretion of the Commission and will not be overturned absent a showing that the

 decision was manifestly unsupported by reason.” Bell v. Goodyear Tire & Rubber Co.,

 252 N.C. App. 268, 279, 798 S.E.2d 143, 151 (2017) (citation omitted). This Court
 RICHARDSON V. GOODYEAR TIRE & RUBBER CO.

 2021-NCCOA-234

 Opinion of the Court

 reviews the Commission’s conclusions of law de novo. Id. at 272, 798 S.E.2d at 147.

 VI. Analysis

 A. N.C. Gen. Stat. §§ 97-2(19) and 97-25(f)

¶ 22 The Workers’ Compensation Act provides “a party may file a motion as set

 forth in this subsection regarding a request for medical compensation or a dispute

 involving medical issues.” N.C. Gen. Stat. § 97-25(f). Defendants defended the

 request for a compelled FCE as medical compensation before Special Deputy

 Commissioner Fennell, Deputy Commissioner Gaines, and the Full Commission. On

 appeal, Defendants argue their medical motion is permissible under the statute as a

 “dispute involving medical issues” pursuant to N.C. Gen. Stat. § 97-25.

¶ 23 Defendants argued before the Commission a “dispute involving medical issues”

 is permitted by N.C. Gen. Stat. § 97-25(f). Defendants’ asserted argument the FCE

 was a “dispute involving medical issues” is not properly before this Court. See Setzer

 v. Boise Cascade Corp., 123 N.C. App. 441, 445, 473 S.E.2d 431, 433 (1996) (holding

 “we do not reach the substantive merits of defendants’ arguments on appeal [because

 he did] not properly preserve for this Court’s consideration under Rule 10. N.C.R.

 App. P. 10(b)(1)”).

¶ 24 Whether the IME for the isolated upper extremity FCE would qualify as

 medical compensation under the statute is a question of law. Defendants did not

 cross-appeal the Commission’s finding the FCE at issue is not medical compensation.
 RICHARDSON V. GOODYEAR TIRE & RUBBER CO.

 2021-NCCOA-234

 Opinion of the Court

 This issue is not before this Court. We express no opinion on the merits, if any, of

 this issue.

 B. Reasonableness of Defendants’ Motion

¶ 25 N.C. Gen. Stat. § 97-25(f) provides guidance for the imposition of attorney’s

 fees when a party acts unreasonably in filing a medical motion when a party: (1) is

 requesting medical compensation; or (2) there is a dispute involving medical issues.

 N.C. Gen. Stat. §§ 97-25(f) (2019).

¶ 26 Defendants argue the Commission correctly concluded they did not act

 unreasonably in filing the underlying expedited medical motion because they

 presented medical evidence that the FCE was reasonably required to determine

 Plaintiff’s work restrictions as of 28 February 2020.

¶ 27 Plaintiff argues the FCE at issue does not constitute medical compensation or

 medical treatment and is not a proper subject of the truncated medical motion

 procedure set forth in N.C. Gen. Stat. § 97-25(f). Plaintiff asserts Defendants failed

 to request proper medical compensation under the statute.

¶ 28 Defendants clearly have the statutory right to direct Plaintiff’s necessary

 medical treatment. N.C. Gen. Stat. § 97-25(c) (2019) (“the Industrial Commission

 may order necessary treatment”). Plaintiff had several concurrent injuries and

 conditions, some work related and some not. The parties stipulated in their Consent

 Order the bilateral shoulder injury was compensable, and as long as the treating
 RICHARDSON V. GOODYEAR TIRE & RUBBER CO.

 2021-NCCOA-234

 Opinion of the Court

 physician excused Plaintiff from work for the shoulder injuries, Defendant would pay

 the medical costs related thereto.

¶ 29 Plaintiff’s shoulder treatments were ongoing from October 2017 to October

 2019. Defendants requested the FCE two days after Dr. Dalldorf had reviewed

 Plaintiff’s MRI results. He could not determine why Plaintiff had continued to

 experience difficulties after treatments for the work-related shoulder injury.

 Defendants assert it was imperative to ensure Plaintiff’s bilateral shoulder injuries

 prevented her from work as support for their requested FCE. The MMI had been

 ordered and completed for both shoulders. Plaintiff had undergone injections,

 therapy, medications and claimed her pain was not an issue.

¶ 30 Defendants scheduled an IME two days after Dr. Dalldorf had reviewed

 Plaintiff’s MRI for 6 November 2019. Dr. Kuremsky recommended the FCE at issue

 on 6 November 2019, which Dr. Dalldorf opined was not appropriate, even though he

 had agreed he could not substantiate Plaintiff’s complaint related to her shoulders.

 The Commission properly found Defendants reasonably acted within their statutory

 rights after treatments and claims of lack of pain to determine the status of Plaintiff’s

 compensable shoulder injury, which “will tend to lessen the period of disability,”

 particularly if Dr. Dalldorf’s FCE reservations were based upon or due to Plaintiff’s

 non-employment related medical conditions. N.C. Gen. Stat. § 97-2(19).

 C. Award of Attorney’s Fees
 RICHARDSON V. GOODYEAR TIRE & RUBBER CO.

 2021-NCCOA-234

 Opinion of the Court

¶ 31 Plaintiff contends Defendants’ motion should retroactively be held not to be a

 request for medical compensation, and the Commission must award attorney’s fees

 under N.C. Gen. Stat. § 97-25(f)(5) as a matter of law. We disagree and affirm the

 Commission’s Opinion and Award on this issue.

¶ 32 This notion would require any unsuccessful medical motion, from any party, to

 result in an automatic award of attorney’s fees as a matter of law, without the

 Commission exercising its discretion. “[S]uch liberality should not . . . extend beyond

 the clearly expressed language of those provisions, and our courts may not enlarge

 the ordinary meaning of the terms used by the legislature or engage in any method

 of ‘judicial legislation.’” Deese v. Lawn and Tree Expert Co., 306 N.C. 275, 277, 293

 S.E.2d 140, 143 (1982) (citations omitted).

¶ 33 An award of attorney’s fees is only permissible under N.C. Gen. Stat. § 97-

 25(f)(5) when “the Commission determines that any party has acted unreasonably by

 initiating or objecting to a motion filed pursuant to this section.” N.C. Gen. Stat § 97-

 25(f)(5). Plaintiff has failed to show the Commission abused its discretion, or that its

 findings are “manifestly unsupported by reason.” Bell, 252 N.C. App. at 279, 798

 S.E.2d at 151.

¶ 34 Defendants’ initial motion to compel the FCE was asserted as medical

 compensation under N.C. Gen. Stat. § 97-2(19). Presuming without deciding, the

 Commission properly concluded Defendants had misapplied the statute, the
 RICHARDSON V. GOODYEAR TIRE & RUBBER CO.

 2021-NCCOA-234

 Opinion of the Court

 Commission also concluded Defendants’ actions do not warrant imposition of

 Plaintiff’s attorney’s fees. That conclusion is not “manifestly unsupported by reason”

 under these facts. Bell, 252 N.C. App. at 279, 798 S.E.2d at 151.

¶ 35 Plaintiff was and is receiving ongoing disability compensation from

 Defendants. On 14 October 2019, Plaintiff’s authorized treating physician, Dr.

 Dalldorf, could no longer explain her right shoulder complaints. Defendants sought

 a second opinion through an IME. Defendants inquired if Dr. Kuremsky would

 recommend an FCE to determine Plaintiff’s work restrictions for her compensable

 bilateral shoulder injuries. Dr. Kuremsky noted “it would not be unreasonable to

 have an [FCE] . . . in order to have a specific set of restrictions or limitations . . . that

 would help in assigning any permanent restrictions” for Plaintiff.

¶ 36 An employee is only entitled to disability compensation if the employee is

 unable “because of injury to earn the wages which the employee was receiving at the

 time of injury.” N.C. Gen. Stat. § 97-2(9). The parties’ August 2016 Consent Order

 agreed Plaintiff would only be entitled to disability compensation if “she is taken out

 of work totally for her bilateral shoulder condition by her authorized treating

 physician or unless defendants are unable to accommodate bilateral shoulder work

 restrictions.”

¶ 37 The motion to compel the FCE could determine Plaintiff’s work restrictions

 and ability and her continued entitlement to disability compensation for that injury.
 RICHARDSON V. GOODYEAR TIRE & RUBBER CO.

 2021-NCCOA-234

 Opinion of the Court

 The Commission concluded Defendant’s motion was not “manifestly unsupported by

 reason” under these facts. Bell, 252 N.C. App. at 279, 798 S.E.2d at 151. If Plaintiff’s

 unrelated medical conditions limits or prevents her from undergoing an FCE, that

 fact does not render Defendant’s motion and assertions unreasonable.

¶ 38 Plaintiff argues the Commission failed to make appropriate findings of fact to

 support its conclusion of law that Defendants were not unreasonable in bringing this

 non-medical issue as a medical motion under the truncated expedited medical motion

 procedure under N.C. Gen. Stat. §§ 97-78(f)(2) and 97-25(f).

¶ 39 The Commission in its discretion properly concluded an award of attorney’s

 fees was not allowed pursuant to N.C. Gen. Stat. § 97-25(f). Plaintiff is not entitled

 to attorney’s fees. That portion of the Commission’s Opinion and Award is affirmed.

 D. N.C. Gen. Stat. § 97-88.1

¶ 40 Plaintiff abandoned her appeal regarding attorney’s fees pursuant to N.C. Gen.

 Stat. § 97-88.1 (2019). An award of attorney’s fees under this statute is not before us.

 E. Frivolous Appeal

¶ 41 This Court has consistently held Rule 34 sanctions may be warranted, inter

 alia, if the appeal is not well grounded in fact, warranted by existing law, or taken

 for an improper purpose. MacMillan v. MacMillan, 239 N.C. App. 573, 771 S.E.2d

 633 (2015).

¶ 42 Defendant argues Plaintiff has brought a frivolous appeal. Plaintiff’s case was
 RICHARDSON V. GOODYEAR TIRE & RUBBER CO.

 2021-NCCOA-234

 Opinion of the Court

 presented before Special Deputy Commissioner Fennell who denied and re-denied

 Defendants’ motion to compel the FCE. Deputy Commissioner Gaines found the FCE

 was not medical compensation and determined the unreasonableness of the motion

 compelled Plaintiff’s attorney’s fees. The Commission agreed Defendants did not act

 unreasonably in attempting to confirm the degree and limits of Plaintiff’s shoulder

 restrictions.

¶ 43 Plaintiff’s argument was affirmed repeatedly before the Commission at three

 different levels. It can hardly be said that Plaintiff’s appeal is not well grounded or

 taken for improper purpose before this Court. Defendants’ assertion has no merit

 and is dismissed.

 VII. Conclusion

¶ 44 The Commission found the FCE at issue was not medical compensation,

 Defendants did not cross-appeal that conclusion. We express no opinion on the

 merits, if any, of that issue. The Full Commission properly concluded Defendants’

 motion to compel the FCE was not unreasonable and, as such, did not abuse its

 discretion in concluding Plaintiff is not entitled to an award of attorney’s fees.

¶ 45 Finally, Plaintiff’s appeal is based on the statutory requirements is well

 grounded and is not frivolous. The Opinion and Award of the Commission is affirmed.

 It is so ordered.

 AFFIRMED.
 RICHARDSON V. GOODYEAR TIRE & RUBBER CO.

 2021-NCCOA-234

 Opinion of the Court

Judges HAMPSON and WOOD concur.